UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION


ROSE M. DELVIS,

       Plaintiff,

v.                                   Case No. 2:04-cv-120
                                       HON. RICHARD ALAN ENSLEN

COMMISSIONER OF SOCIAL SECURITY,

       Defendant.
_____/


## REPORT AND RECOMMENDATION

       Plaintiff Rose Delvis filed this action seeking judicial review of a final decision of the Commissioner of Social Security denying her application for supplemental security income (SSI) benefits under the Social Security Act.  42 U.S.C. § 1381a.  Plaintiff filed her application for SSI benefits on January 17, 2002, alleging that she became disabled on January 1, 2002.  See Transcript of Administrative Proceedings at pages 45-49 (hereinafter Tr. at ____).  Plaintiff's application for SSI benefits was denied initially and after a hearing before an Administrative Law Judge (ALJ).  Tr. at 26, 9-19.  Plaintiff then sought review by the Appeals Council, which was denied on March 31, 2004.  Because the Appeals Council denied review, the ALJ's decision became the final decision of the Commissioner.  Tr. at 4-6.  Plaintiff now seeks review of the Commissioner's denial of her request for SSI benefits.

       Plaintiff has raised a number of arguments in support of her request for a reversal of the Commissioner's denial of her request for benefits.  Plaintiff maintains that this Court should remand the matter because the ALJ failed to secure all of plaintiff's medical records.  According to plaintiff, the ALJ had an obligation to secure medical records which may have supported her claims

for disability benefits.  None of these records have been provided to the Court for consideration. Plaintiff also argues that the ALJ's finding regarding the severity of plaintiff's impairments is not supported by substantial evidence.  Further, plaintiff argues that she is unable to perform any light work.  Plaintiff also argues that the ALJ's finding that plaintiff's testimony was not fully credible was not based on substantial evidence.  Finally, plaintiff maintains that the ALJ asked an inappropriate hypothetical question of the vocational expert because the question did not adequately consider plaintiff's inability to focus and her feelings of worthlessness.

Plaintiff was born on December 27, 1978, and alleges that she became disabled on January 1, 2002.  Tr. at 45.  Plaintiff has a tenth grade education and no relevant past work experience.[1]  According to plaintiff, as a result of anxiety, depression, back pain, limited education, and bilateral carpal tunnel syndrome, she is disabled.  Plaintiff indicated that as a result of her impairments, she is physically and mentally unable to perform work.  Tr. at 31.

Plaintiff first reported low back pain in the ninth month of her pregnancy on October 15, 2001.  Tr. at 137.  Plaintiff was suffering from low back pain which did not radiate down her legs.  According to plaintiff, the pain was worse at night while lying down.  Tr. at 137.  Plaintiff did have some tenderness and spasm, but good range of motion.  Tr. at 137.  An X-ray was performed of plaintiff's spine, which showed a three centimeter lytic lesion, which was determined to be a bowel gas artifact.  Tr. at 121.  An X-ray of plaintiff's lumbosacral spine was negative.  Tr. at 122.  After the birth of her daughter, plaintiff reported depression, insomnia, fatigue, and severe stress.  Plaintiff was diagnosed with a mood disorder, severe stress, insomnia, and fatigue.  Tr. at 135. In November of 2001, plaintiff reported improvement with her mood after her medication had

---

[1]Plaintiff has a sporadic work history that does not qualify as vocationally relevant past work experience.

been adjusted, but indicated she was still having difficulty concentrating.  Tr. at 133.  Plaintiff's back pain also improved with anti-inflammatory medication and muscle relaxants and she continued to have a good range of motion.  Tr. at 133.  Plaintiff underwent a psychological assessment in January of 2002, and was assigned a global assessment of functioning (GAF) score of 60.  Tr. at 142.  The examiner indicated that plaintiff probably had attention deficit disorder.  Tr. at 144.  A January 28, 2002, report indicates that plaintiff had good range of motion and was able to get on and off the examination table without difficulty.  Tr. at 129.  In February of 2002, plaintiff was taking Ultracet for her back and Buspar for her anxiety, both of which appeared to be helping.  Tr. at 128.  Plaintiff reported problems with her hands in April of 2002, and she was found to have decreased grip strength and positive Tinel's and phalens in her left hand.  Tr. at 194.  Plaintiff has indicated that she is able to cook meals, do laundry, clean the house, and go grocery shopping.  Tr. at 147.  Plaintiff was found in June of 2002 to have an I.Q. of 67; however, the examiner indicated that plaintiff did not wear her glasses during the examination and concluded that this may have affected her score. Tr. at 148.  Plaintiff was given a GAF score of 50-60 in last six months.  Tr. at 148.  Dr. Desmonde, who performed a June 2002 evaluation, concluded that plaintiff was capable of understanding simple instructions, carrying out tasks with limitations set by her treating physicians, and interacting with supervisors and coworkers, as well as the general public on a limited basis.  Dr. Desmonde indicated that plaintiff would have some difficulty tolerating stress and the pressure full-time competitive employment.  Tr. at 148-149.  On June 20, 2002, plaintiff complained that her mental status and back pain were worsening.  By August 2, 2002, plaintiff had begun therapy and was noticing that her mood was improving and she appeared alert, oriented, cheerful, and in no distress.  Tr. at 188. Plaintiff had good results from carpal tunnel surgery on her left hand and began to notice problems with her right hand.  Tr. at 187.  In October of 2002, plaintiff showed normal strength in her

extremities and a good range of motion and reflexes.  Tr. at 183.  By April 30, 2003, plaintiff's mood and insomnia disorder appeared to be under control.  Tr. at 179.  Plaintiff's school records indicate that she was placed in special education classes for a portion of the day and that she had a full scale I.Q. of 87.  Tr. at 103-104, 117.  Vocational expert Dr. James Armentrout testified that plaintiff's limitations and activities were mild and that she suffered mild to moderate limitation in concentration, persistence and pace.  Tr. at 226-233.  Dr. Armentrout opined that plaintiff was capable of handling less complex or simple work instructions.  Tr. at 235.  Dr. Oswald testified as a vocational expert and in response to a hypothetical question indicated that jobs existed in the economy which plaintiff could perform based on the limitations found by the ALJ.

Section 405(g) of Title 42 of the United States Code provides that the Commissioner's findings are conclusive so long as they are supported by substantial evidence.  This Court's review is limited to determining whether or not there is substantial evidence in the record to support the findings of the Commissioner.  *See Duncan v. Secretary of Health and Human Services*, 801 F.2d 847, 851 (6th Cir. 1986).  Substantial evidence has been defined as more than a mere scintilla and must include such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.  *See Richardson v. Perales*, 402 U.S. 389, 401 (1971); *Kirk v. Secretary of Health and Human Services*, 667 F.2d 524, 535 (6th Cir. 1981).  In addition, this Court must defer to the Commissioner's decision even if there is substantial evidence in the record to support an opposite conclusion.  *See Key v. Callahan*, 109 F.3d 270, 273 (1997).  The Court cannot resolve conflicts in the record or examine the credibility of plaintiff's testimony.  *See Gaffney v. Bowen*, 825 F.2d 98, 100 (6th Cir. 1987).  The Commissioner must affirm the ALJ's decision, unless the ALJ applied an incorrect legal standard or made findings of fact which are not supported by

- 4 -

substantial evidence in the record. *See Walters v. Commissioner of Social Security*, 127 F.3d 525, 528 (6th Cir. 1997).

The Commissioner must follow a five-step sequential analysis in determining whether an individual is entitled to disability benefits. The party claiming benefits bears the burden of proof through the first four steps to prove her entitlement to benefits. If the analysis reaches the fifth step without a finding that claimant is not disabled, the burden transfers to the Commissioner. *See Preslar v. Secretary of Health and Human Services*, 14 F.3d 1107, 1110 (6th Cir. 1994). The fifth step of the analysis requires the Commissioner to determine whether claimant's impairment prevents claimant from doing her past relevant work and, if so, whether other work exists in the national economy that accommodates claimant's residual functional capacity and vocational factors. It was at the fifth step that the Commissioner concluded that plaintiff was not entitled to benefits. Thus, the question presented to this Court is whether or not there is substantial evidence to find that the Commissioner met the burden of proving that plaintiff is not entitled to benefits.

The ALJ found that claimant had the residual function capacity to perform a significant range of light work which involves simple repetitive tasks in a low stress work environment with only limited contact with the public or coworkers. Tr. at 19. I have reviewed the entire evidence of record in this matter and find that the ALJ's decision is well written and well reasoned. The evidence referred to above provides ample support for the ALJ's findings. The medical evidence of record provides a basis for the ALJ to reach the conclusions he did, including the conclusion that plaintiff's testimony was not entirely credible. The evidence of record provides substantial support for the ALJ's findings.

Plaintiff maintains that the ALJ erred in not securing all of plaintiff's medical records. According to plaintiff, these records would have supported her claim for benefits. Unfortunately,

none of these records have been provided to the Court.  There is no basis for the Court to determine that this evidence is new and material and that there was good cause for not presenting it at prior proceedings.  *See Sullivan v. Finkelstein*, 496 U.S. 617, 626 (1990).  There is no basis for concluding that this evidence would have in any way resulted in a different decision.  *See Foster v. Halter*, 279 F.3d 348, 358 (6th Cir. 2001).  Further, plaintiff has failed to provide the Court with any reason for her failure to submit the evidence at the administrative level.  The undersigned recognizes that plaintiff suffers from significant impairments which make it difficult for her to perform some employment.  Further, plaintiff's mental and emotional limitations are real and impact upon her ability to work.  This Court, however, cannot reverse the Commissioner and order an award of benefits because it sympathizes with plaintiff.  The Court is bound by the law to affirm the Commissioner's decision if there is substantial evidence to support it.  Because I find that there is substantial evidence to support the Commissioner's decision, it is respectfully recommended that the Court deny plaintiff's request for benefits and issue an order affirming the decision of the Commissioner.

NOTICE TO PARTIES:  Objections to this Report and Recommendation must be served on opposing parties and filed with the Clerk of the Court within ten (10) days of receipt of this Report and Recommendation.  28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b); W.D. Mich. LCivR 72.3.  Failure to file timely objections constitutes a waiver of any further right to appeal. United States v. Walters, 638 F.2d 947 (6th Cir. 1981).  See also Thomas v. Arn, 474 U.S. 140 (1985).

/s/ Timothy P. Greeley
TIMOTHY P. GREELEY
UNITED STATES MAGISTRATE JUDGE

Dated:   June 2, 2005

- 6 -